**SKIBA LAW GROUP, PLC**
John N. Skiba (022699)
1640 South Stapley Drive, Suite 127
Mesa, Arizona 85204
T: (480) 420-4028  F: (480) 302-7844
Email: john@skibalaw.com
Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| ADAM WILL, <br><br> Plaintiff, <br><br> v. <br><br> WAYNE P. MARSH, P.C. D/B/A MARSH LAW GROUP, an Arizona Professional Corporation; ALCO CAPITAL GROUP, LLC, a Wisconsin limited liability company; MARY LYNN and JOHN DOE LYNN, wife and husband, <br><br> Defendants. | Case No: _____ <br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff Adam Will, through counsel, does hereby state his complaint against Defendants Wayne P. Marsh, P.C. d/b/a/ Marsh Law Group, Alco Capital Group, LLC, and Mary Lynn and John Doe Lynn as follows:

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by these Defendants in their efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Adam Will is a natural person who resides in the City of Mesa, County of Maricopa, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Wayne P. Marsh, P.C. d/b/a Marsh Law Group (hereinafter "Defendant") is a collection law firm operating from an address of 17220 North Boswell Blvd., Suite 240E, Sun City, Arizona 85373, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Alco Capital Group, LLC is limited liability company organized and operating under the laws of the State of Wisconsin, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Mary Lynn (hereinafter "Defendant Lynn") is a natural person employed by Defendant Wayne P. Marsh, P.C. d/b/a Marsh Law Group as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) through Wells Fargo Bank, N.A.

9. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Alco Capital Group, LLC and finally to Defendant Wayne P. Marsh, P.C. for collection from the Plaintiff.

10. Defendant Wayne P. Marsh and its debt collectors began attempting to collect on the alleged debt by contacting Mr. Will's elderly mother about the debt at her home even though Mr. Will has not lived there in twenty-five (25) years and Defendants were aware of Mr. Will's location, including his address and telephone number. This has caused his relationship to become extremely strained resulting in his mother no longer communicating with Mr. Will.

11. Further, Defendants began contacting Mr. Will's wife at her place of employment with Mesa Public Schools, speaking with the receptionist about the purpose of the call. Defendants left multiple voicemails at Ms. Will's place of employment.

12. Defendants continued with its collection tactics by contacting Mr. Will's father and step-mother about the debt, including leaving voicemails on their telephone about the debt.

13. Defendants also contacted Mr. Will's step-son in an attempt to collect on the debt.

14. Finally, Defendants contacted Mr. Will at his place of employment, speaking to the receptionist about the purpose of the call and leaving voicemails about the debt on his work voicemail.

15. Defendants collectively are in violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692(b)(1), 1692(b)(2), 1692(b)(3), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692c(c), 1692e, 1692e(3), 1692e(5), 1692e(11), 1692f, and 1692f(1).

16. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiff's home and workplace.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

20. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## COUNT II.
## VIOLATIONS OF THE ARIZONA FAIR DEBT COLLECTION PRACTICES ACT
## A.R.S § 32-1001 et seq.

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the Arizona FDCPA including, but not limited to, each and every one of the above-cited provisions of the Arizona FDCPA, A.R.S. § 32-1001 et seq.

23. Plaintiff is entitled to actual damages and attorney's fees and costs from each and every defendant herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.
## VIOLATIONS OF THE ARIZONA FAIR DEBT COLLECTION PRACTICES ACT
### A.R.S § 32-1001 et seq.

- for an award of actual damages against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees against each and every Defendant;

**DATED** this 29th day of May 2015.

Skiba Law Group, PLC

John N. Skiba
*Attorney for Plaintiff*

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF ARIZONA    )
                    ) ss
County of Maricopa  )

Adam Will, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Adam Will

Subscribed and sworn to before me
this 29 day of May, 2015.

_____
Notary Public

KYMBERLEE RUDD
Notary Public, State of Arizona
Maricopa County
My Commission Expires
April 15, 2019

VERIFICATION OF COMPLAINT [illegible]

STATE OF ARIZONA )
) ss.
County of Maricopa )

Adam Wali, being first duly sworn upon his oath, deposes and says: [illegible]

1. I am Plaintiff in this proceeding.

2. [illegible]

3. [illegible]

4. [illegible]

5. [illegible]

Adam Wali

Subscribed and sworn to before me this ___ day of ______, 2015.

Notary Public

KYMBERLEE RUDD
Notary Public State of Arizona
Maricopa County
My Commission Expires
April 15, 2019